Robert W. Ruch, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 4, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, December 30, 1982:

Robert W. Ruch, the claimant in this unemployment compensation case, has appealed from an order of the Unemployment Compensation Board of Review denying him benefits under Section 402(a) of the Unemployment Compensation Law, 43 P.S. §802(a) which declares that an "employe shall be ineligible for compensation for any week . . . [i]n which his employment is due to failure, without good cause, . . . to accept suitable work when offered to him . . . by any employer."

The claimant was a regular full time member of the police force of Avalon Borough, Allegheny County before his furlough from that position in February, 1979. On June 2, 1980 the borough offered the claimant work filling in for regular police officers on vacation or disabled. The offer included pay of $7.00 an hour, but no fringe benefits. It was believed by the borough authorities that the claimant would be asked to work about forty hours a week and that the employment would last until about September 15, 1980.

The claimant refused to accept this employment on the grounds that the offered employment if accepted would be in derogation of the bargaining agreement between the borough and its police officers[1] and that the terms of the offer were in violation of the civil service statutes, Sections 1171 through 1195 of the Borough Code,[2] 53 P.S. §§46171 through 46195. The claimant persisted in his refusal to accept this work although competent borough authorities assured him that his acceptance of this temporary work was not

[1] No evidentiary support was offered by the claimant for this contention in the proceedings below and it is not stated as a question involved in this appeal.

[2] Act of February 1, 1966 P.L. 1656, *as amended.*

contrary to the civil service laws and would have no effect on his status as a regular officer on furlough.

On the occasion of this appeal, the claimant points to Section 1190 of the Code, 53 P.S. §46190 which, after setting out the procedures to be followed in furloughing members of the police force, provides that "[i]n the event the said police force . . . shall again be increased the employes furloughed shall be reinstated in order of their seniority in the service." His argument is that if the borough wanted his services it was obliged to reinstate him with the pay and other benefits accruing to a regular member of the force, so that he had good cause to refuse the temporary work for wages. The fallacy of the claimant's contention lies in the fact that the borough in seeking a person to fill in during the summer months for vacationing and disabled officers was not effecting an increase in its police force by its hiring an extra policeman. The term police force of a borough is defined at Section 1195, 53 P.S. §46195 of the Code as:

a police force organized and operating as prescribed by law, the members of which devote their normal working hours to police duty . . . and who are paid a stated salary or compensation . . . Police force . . . shall not include:

. . . .

(4) Any extra police serving from time to time or on an hourly or daily basis. . . .

Hence, the claimant did not have good cause based on civil service considerations for failing to accept the borough's offer of employment as an extra policeman.

Order affirmed.

ORDER

AND Now, this 30th day of December, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-188679, dated October 16, 1980 is affirmed.